## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BLESSING BOADIWAA ESSEL PPA THERESA AKYAA and ERNEST ESSEL, THERESA AKYAA AND ERNEST ESSEL (INDIVIDUALLY)<br>Plaintiff, | : : : : | CIVIL ACTION NO. |
| V. | : : | JURY TRIAL DEMANDED |
| THE UNITED STATES OF AMERICA<br>Defendant | : : : | NOVEMBER 7, 2017 |

## COMPLAINT

### INTRODUCTION

The plaintiff, BLESSING BOADIWAA ESSEL, PPA THERESA AKYAA and ERNEST ESSEL individually, bring this action against the UNITED STATES GOVERNMENT pursuant to the Federal Tort Claims Act, to recovery for the severe, serious painful and permanent injures to BLESSING BOADIWAA ESSEL as a result of negligence of Dr. Alena Eastman, Dr. Dhivya Kannabiran, Dr. Katie Corcoran, First Choice Health Centers, East Hartford Community Center and Community Health Services, Inc. and their servants, agents, apparent agents and/or employees all located in Hartford, Connecticut.

### JURISDICTION AND VENUE

1. This court has jurisdiction over plaintiffs' claims against the UNITED STATES OF AMERICA pursuant to 28 U.S.C. § 1346(b)(1).

2. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

1

3. Venue is proper pursuant to 28 U.S.C.A. § 1402(b) because the plaintiff resides in Connecticut and the negligence of the defendant and its servants, agents, apparent agents and/or employees occurred in Connecticut.

**PARTIES**

4. Plaintiff, BLESSING BOADIWAA ESSEL, PPA THERESA AKYAA AND ERNEST ESSEL, are citizens of the State of Connecticut.

5. At all times mentioned herein, First Choice Health Centers and East Hartford Community Center, located in Hartford, Connecticut were a federally funded community health centers.

6. At all times mentioned herein, Community Health Services, Inc. was a federally funded health center.

7. At all times mentioned herein, Dr. Alena Eastman, a physician was a servant, agent, apparent agent and/or employee of the First Choice Health Centers and East Hartford Community Health Center.

8. At all times mentioned herein, Dr. Dhivya Kannabiran and Dr. Katie Corcoran, physicians were servants, agents, apparent agents and/or employees of the Community Health Services, Inc.

9. First Choice Health Centers, East Hartford Community Health Center and Community Health Services, Inc. all located in Hartford, Connecticut, along with its servants, agents, apparent agents and/or employees have been deemed by the Bureau of Primary Health Care of the United States Department of Health and Human Services to be Federal Employees for the purposes of Section 224 (a) and federal employees for the purpose of conferring liability on the United States of America for medical malpractice claims under the Federal Tort Claims Act. ("FTCA")

**COUNT ONE:**
**BLESSING BOADIWAA ESSEL PPA THERESA AKYAA and ERNEST ESSEL V. THE UNITED STATES OF AMERICA D/B/A FIRST CHOICE HEALTH CENTERS AND EAST HARTFORD COMMUNITY HEALTH CENTER**

10. Commencing on or about September 11, 2014 and continuously to on or about May 7, 2015, FIRST CHOICE HEALTH CENTERS and EAST HARTFORD COMMUNITY HEALTH CENTER and their servants, agents, apparent agent and/or employees for the same or similar condition undertook the care, treatment, diagnosing and supervision of the infant plaintiff, BLESSING BOADIWAA ESSEL then in utero and the infant plaintiff's mother, THERESA AKYAA for obstetrics, pregnancy, delivery and postnatal care.

11. While under the care, treatment, monitoring, diagnosing and supervision of FIRST CHOICE HEALTH CENTERS and EAST HARTFORD COMMUNITY HEALTH CENTER and its servants, agents, apparent agents and/or employees, BLESSING BOADIWAA ESSEL suffered severe, serious, painful, and permanent injuries as hereinafter set forth in paragraph 14.

12. At all times mentioned herein, Dr. Alena Eastman was a servant, agent, apparent agent and/or employee of the defendant, UNITED STATES OF AMERICA D/B/A FIRST CHOICE HEALTH CENTERS AND EAST HARTFORD COMMUNITY HEALTH CENTER.

13. The said injuries suffered by BLESSING BOADIWAA ESSEL were caused by the failure of the defendant, UNITED STATES OF AMERICA D/B/A FIRST CHOICE HEALTH CENTERS AND EAST HARTFORD COMMUNITY HEALTH CENTER and its servants, agents apparent agent and/or employees, to exercise reasonable care under all of the facts and circumstances then and there present in that they:

    a. failed to adequately and properly care for, treat, diagnose and supervise the infant plaintiff, BLESSING, then in utero, and the infant plaintiff's mother, THERESA AKYAA, during pregnancy, labor and delivery;

    b. failed to recognize and identify infant plaintiff's mother's risk of fetopelvic disproportion;

    c. failed to appropriately estimate fetal weight;

    d. failed to recognize the infant plaintiff's mother's risk for fetopelvic disproportion;

    e. failed to properly evaluate and treat the infant plaintiff's mother in view of the diagnosis of macrosomia;

    f. failed to properly counsel the infant plaintiff's mother in view of her labor and delivery risk factors;

    g. failed to recognize the risk of gestational diabetes;

    h. failed to identify significance of 44 lb. weight gain;

    i. failed to timely diagnose and treat the shoulder dystocia;

    j. failed to make safe treatment choices for delivery;

    k. failed to adequately and properly assess plaintiff's mother's ability to deliver vaginally;

4

l.  failure to properly use acceptable delivery maneuvers needed for a shoulder dystocia;

m.  failed to safely deliver vaginally;

n.  employed excessive traction during the delivery;

o.  applied excessive lateral traction on the head of the infant plaintiff, BLESSING, during delivery of infant plaintiff;

p.  failed to perform a caesarian section;

q.  failed to provide appropriate counselling regarding the risks and benefits of a caesarian section;

r.  failed to provide physicians who possess the requisite knowledge, skill and experience to adequately and properly care for, treat, diagnose and monitor a pregnant mother, such as, THERESA AKYAA;

s.  failed to promulgate and/or enforce rules, regulations, standards and protocols for the treatment of patients such as the infant plaintiff, BLESSING, then in utero, and the infant plaintiff's mother, THERESA AKYAA.

14. As a result of the carelessness and negligence of UNITED STATES OF AMERICA D/B/A FIRST CHOICE HEALTH CENTERS AND EAST HARTFORD COMMUNITY HEALTH CENTER and/or their servants, agents, apparent agents and/or employees, BLESSING BOADIWAA ESSEL suffered the following severe, serious and painful and permanent injuries:

a.  right brachial plexopathy;

b.  dysfunction to the muscles, nerves and ligaments of left brachial plexus;

c.  right arm hypotonia;

d.  permanent nerve injury;

e.  disrupted pronation and supination;

f.  weak right-hand grasp;

g. cosmetic deformity;

h. right winged scapula;

i. limitations in rotation and abduction;

j. limitations in ability to right arm;

k. right upper extremity weakness;

l. diminished strength in right hand, arm and/or shoulder;

m. disruption in balance;

n. increased risk of falls;

o. prolonged need for rehabilitation;

p. probable future surgeries and procedures;

q. social and emotional insecurity;

r. fear and anxiety with regard to BLESSING'S condition;

s. fear and anxiety with regard to BLESSING'S future condition;

t. rectovaginal fistula;

u. psychological, physiological and neurological sequelae.

15. As a result of the aforementioned injuries, BLESSING BOADIWAA ESSEL has been permanently deprived of her ability to carry on and enjoy life's activities and her earning capacity has been permanently diminished.

16. As a further result of the aforementioned injuries and damages, BLESSING BOADIWAA ESSEL has and will continue to incur expenses for medical care and treatment and other costs for special education habitation and rehabilitation, all to her financial loss.

**COUNT TWO:**
**THERESA AKYAA (INDIVIDUALLY) v. UNITED STATES OF AMERICA D/B/A FIRST CHOICE HEALTH CENTERS AND EAST HARTFORD COMMUNITY HEALTH CENTER**
**(EMOTIONAL DISTRESS)**

1-14. Paragraphs 1 through 14 of ONE are hereby incorporated and made paragraphs 1 through 14 of COUNT TWO.

15. At all times mentioned herein, THERESA AKYAA, is the mother of BLESSING BOADIWAA ESSEL.

16. UNITED STATES OF AMERICA D/B/A FIRST CHOICE HEALTH CENTERS AND EAST HARTFORD COMMUNITY HEALTH CENTER and/or their servants, agents, apparent agents and/or employees, knew or should have known that their conduct involved an unreasonable risk of causing emotional distress and that the distress might result in illness or bodily harm.

17. The fear and severe psychological, physiological and emotional distress suffered by THERESA AKYAA was reasonable, in light of the conduct of UNITED STATES OF AMERICA D/B/A FIRST CHOICE HEALTH CENTERS AND EAST HARTFORD COMMUNITY HEALTH CENTER and/or their servants, agents, apparent agents and/or employees.

18. The conditions described above are painful, serious and permanent in their nature and in their effects and have impaired THERESA AKYAA'S ability to carry on and enjoy life's activities.

19. UNITED STATES OF AMERICA D/B/A FIRST CHOICE HEALTH CENTERS AND EAST HARTFORD COMMUNITY HEALTH CENTER and/or their servants, agents, apparent agents and/or employees knew or should have known that their conduct was foreseeable and likely to cause THERESA AKYAA emotional distress.

**COUNT THREE:**
**ERNEST ESSEL AND THERESA AKYAA (INDIVIDUALLY) v. UNITED STATES OF AMERICA D/B/A FIRST CHOICE HEALTH CENTERS AND EAST HARTFORD COMMUNITY HEALTH CENTER**

1-14. Paragraphs 1 through 14 of COUNT ONE, inclusive, are hereby incorporated and made paragraphs 1 through 14 of COUNT THREE.

15. At all times mentioned, ERNEST ESSEL and THERESA AKYAA are the parents and natural guardians of BLESSING BOADIWAA ESSEL and are responsible for the care and support of BLESSING BOADIWAA ESSEL until at least age 18.

16. As a result of the injuries to BLESSING BOADIWAA ESSEL, ERNEST ESSEL and THERESA AKYAA have incurred and will continue to incur expenses for medical care and treatment, special education habilitation and rehabilitation, all to their financial loss.

**COUNT FOUR:**
**BLESSING BOADIWAA ESSEL PPA THERESA AKYAA and ERNEST ESSEL V. THE UNITED STATES OF AMERICA D/B/A COMMUNITY HEALTH SERVICES, INC.**

1-9. Paragraphs 1 through 9 are hereby incorporated and made paragraphs 1-9 of this COUNT FOUR.

10. Commencing on or about May 6, 2015 and continuously to on or about May 7, 2016, for the same or similar condition, the defendant, UNITED STATES OF AMERICA through COMMUNITY HEALTH SERVICES, INC., and their servants, agents, apparent agents and/or employees undertook the care, treatment, monitoring, diagnosing and supervision of infant plaintiff, BLESSING BOADIWAA ESSEL, then in utero and the infant plaintiff's mother, THERESA AKYAA for obstetrics, pregnancy, delivery and postnatal care.

11.     At all times mentioned herein, Dr. Dhivya Kannabiran and Dr. Katie Corcoran of the COMMUNITY HEALTH SERVICES, INC. were servants, agents, apparent agents and/or employees of the defendant, UNITED STATES OF AMERICA D/B/A COMMUNITY HEALTH SERVICES, INC.

12.     While under the care of the defendant, UNITED STATES OF AMERICA D/B/A COMMUNITY HEALTH SERVICES, INC. and its servants, agents, apparent agents and/or employees the infant plaintiff, BLESSING BOADIWAA ESSEL suffered severe, serious painful and permanent injuries as herein after set-forth in paragraph 14.

13.     The said injuries suffered by BLESSING BOADIWAA ESSEL were caused by the failure of the defendant, UNITED STATES OF AMERICA D/B/A COMMUNITY HEALTH SERVICES, INC. and its servants, agents apparent agent and/or employees, to exercise reasonable care under all of the facts and circumstances then and there present in that they:

   a.   failed to adequately and properly care for, treat, diagnose and supervise the infant plaintiff, BLESSING, then in utero, and the infant plaintiff's mother, THERESA AKYAA, during pregnancy, labor and delivery;

   b.   failed to recognize and identify infant plaintiff's mother's risk of fetopelvic disproportion;

   c.   failed to appropriately estimate fetal weight;

   d.   failed to recognize the infant plaintiff's mother's risk for fetopelvic disproportion;

   e.   failed to properly evaluate and treat the infant plaintiff's mother in view of the diagnosis of macrosomia;

f. failed to properly counsel the infant plaintiff's mother in view of her labor and delivery risk factors;

g. failed to recognize the risk of gestational diabetes;

h. failed to identify significance of 44 lb. weight gain;

i. failed to timely diagnose and treat the shoulder dystocia;

j. failed to make safe treatment choices for delivery;

k. failed to adequately and properly assess plaintiff's mother's ability to deliver vaginally;

l. failure to properly use acceptable delivery maneuvers needed for a shoulder dystocia;

m. failed to safely deliver vaginally;

n. employed excessive traction during the delivery;

o. applied excessive lateral traction on the head of the infant plaintiff, BLESSING, during delivery of infant plaintiff;

p. failed to perform a caesarian section;

q. failed to provide appropriate counselling regarding the risks and benefits of a caesarian section;

r. failed to provide physicians who possess the requisite knowledge, skill and experience to adequately and properly care for, treat, diagnose and monitor a pregnant mother, such as, THERESA AKYAA;

s. failed to promulgate and/or enforce rules, regulations, standards and protocols for the treatment of patients such as the infant plaintiff, BLESSING, then in utero, and the infant plaintiff's mother, THERESA AKYAA.

14. As a result of the carelessness and negligence of UNITED STATES OF AMERICA D/B/A COMMUNITY HEALTH SERVICES, INC. and/or their servants, agents, apparent agents and/or employees, BLESSING BOADIWAA ESSEL suffered the following severe, serious and painful and permanent injuries:

a. right brachial plexopathy;

b. dysfunction to the muscles, nerves and ligaments of left brachial plexus;

c. right arm hypotonia;

d. permanent nerve injury;

e. disrupted pronation and supination;

f. weak right-hand grasp;

g. cosmetic deformity;

h. right winged scapula;

i. limitations in rotation and abduction;

j. limitations in ability to right arm;

k. right upper extremity weakness;

l. diminished strength in right hand, arm and/or shoulder;

m. disruption in balance;

n. increased risk of falls;

o. prolonged need for rehabilitation;

p. probable future surgeries and procedures;

q. social and emotional insecurity;

r. fear and anxiety with regard to BLESSING'S condition;

  s.  fear and anxiety with regard to BLESSING'S future condition;

  t.  rectovaginal fistula;

  u.  psychological, physiological and neurological sequelae.

15. As a result of the aforementioned injuries, BLESSING BOADIWAA ESSEL has been permanently deprived of her ability to carry on and enjoy life's activities and her earning capacity has been permanently diminished.

16. As a further result of the aforementioned injuries and damages, BLESSING BOADIWAA ESSEL has and will continue to incur expenses for medical care and treatment and other costs for special education habitation and rehabilitation, all to her financial loss.

**COUNT FIVE:**
**THERESA AKYAA (INDIVIDUALLY) v. UNITED STATES OF AMERICA D/B/A COMMUNITY HEALTH SERVICES, INC.**
**(EMOTIONAL DISTRESS)**

1-14. Paragraphs 1 through 14 of COUNT FOUR are hereby incorporated and made paragraphs 1 through 14 of COUNT FIVE.

15. At all times mentioned herein, THERESA AKYAA, is the mother of BLESSING BOADIWAA ESSEL.

16. UNITED STATES OF AMERICA D/B/A COMMUNITY HEALTH SERVICES, INC. and/or their servants, agents, apparent agents and/or employees, knew or should have known that their conduct involved an unreasonable risk of causing emotional distress and that the distress might result in illness or bodily harm.

17. The fear and severe psychological, physiological and emotional distress suffered by THERESA AKYAA was reasonable, in light of the conduct of UNITED STATES OF AMERICA D/B/A COMMUNITY HEALTH SERVICES, INC. and/or their servants, agents, apparent agents and/or employees.

18. The conditions described above are painful, serious and permanent in their nature and in their effects and have impaired THERESA AKYAA'S ability to carry on and enjoy life's activities.

19. UNITED STATES OF AMERICA D/B/A COMMUNITY HEALTH SERVICES, INC. and/or their servants, agents, apparent agents and/or employees knew or should have known that their conduct was foreseeable and likely to cause THERESA AKYAA emotional distress.

**COUNT SIX:**
**ERNEST ESSEL(INDIVIDUALLY) AND THERESA AKYAA v. UNITED STATES OF AMERICA D/B/A COMMUNITY HEALTH SERVICES, INC.**

1-14. Paragraphs 1 through 14 of COUNT FOUR, inclusive, are hereby incorporated and made paragraphs 1 through 14 of COUNT SIX.

15. At all times mentioned, ERNEST ESSEL and THERESA AKYAA are the parents and natural guardians of BLESSING BOADIWAA ESSEL and are responsible for the care and support of BLESSING BOADIWAA ESSEL until at least age 18.

16. As a result of the injuries to BLESSING BOADIWAA ESSEL, ERNEST ESSEL and THERESA AKYAA have incurred and will continue to incur expenses for medical care and treatment, special education habilitation and rehabilitation, all to their financial loss

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff pray for relief as follows:

1. Trial by Jury;

2. Damages in the amount of $15,000,000.00;

3. Such other and further relief as the Court might deem appropriate.

### THE PLAINTIFF

BY: \_\_\_\_\_/s/_____
JOSHUA KOSKOFF, ESQ. CT15619
KOSKOFF, KOSKOFF & BIEDER, P.C.
350 FAIRFIELD AVENUE, 5TH FL.
BRIDGEPORT, CT 06604
TEL NO.: 203-336-4421
FAX NO.: 203-368-3244
jkoskoff@koskoff.com